5. GUARANTY, § 7*—*when guarantor estopped to deny consideration of guaranty or validity of original undertaking.* In an action on a contract of guaranty the guarantor is estopped to deny the consideration of the guaranty or the validity of the original undertaking.

6. GUARANTY, § 7*—*when consideration of guaranty may not be determined.* In an action on a guaranty founded on a new consideration, independent of the consideration of the original undertaking, the consideration of the original undertaking cannot be inquired into as it forms no part of the consideration of the guaranty, but it is otherwise where the guaranty is made at the same time as or before the original undertaking, since in such case the consideration of the original undertaking is also the consideration of the guaranty.

---

## City of Chicago, Defendant in Error, v. F. S. Richardson, Plaintiff in Error.

### Gen. No. 21,756.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916.

### Statement of the Case.

Prosecution by the City of Chicago against F. S. Richardson, defendant, in the Municipal Court of Chicago, charging defendant with a violation of section 2019 of the Chicago Code. The case was tried by the court without a jury. To reverse a judgment of conviction with a fine of two hundred dollars, defendant prosecutes this writ of error.

BENJAMIN E. COHEN, for plaintiff in error.

SAMUEL A. ETTELSON and HARRY B. MILLER, for defendant in error; DANIEL WEBSTER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Chicago v. Richardson, 197 Ill. App. 594.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 39*—*when ordinance must be incorporated in stenographic report for purpose of review.* A defendant in a prosecution charging him with violating an ordinance of the City of Chicago, who desires to preserve for review the question whether a judgment of conviction is supported by the evidence, must cause the ordinance to be incorporated in the stenographic report.

2. DISORDERLY HOUSE, § 2*—*when evidence sufficient to sustain finding as to keeping of disorderly house.* In a prosecution charging defendant with keeping a disorderly house in violation of a city ordinance, evidence *held* to justify a finding that defendant's place was a disorderly house as charged in the complaint.

3. DISORDERLY HOUSE, § 2*—*when evidence sufficient to sustain finding that defendant knew character of place.* In a prosecution charging defendant with keeping a disorderly house in violation of a city ordinance, the probative force of evidence as to the character of defendant's place will also justify the conclusion that defendant knew its character.

4. DISORDERLY HOUSE, § 2*—*when evidence sufficient to identify premises named in complaint.* In a prosecution charging defendant with keeping a disorderly house in violation of a city ordinance, evidence *held* sufficient to identify defendant's premises with the premises named in the complaint.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.